IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ABIODUN SOWEMIMO,** )  )  | |
| Plaintiff, ) ) | |
| V. ) ) | Civil No.  **08-664-JPG** |
| **MACK BADER, et al.,** )  ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel the defendants to produce his prison "masterfile," as well as his grievance, the grievance officer's final report and the disciplinary documentation concerning the incident underlying his claim, and the names of staff in the clinic at Lawrence Correctional Center during the period between July and November 2008.  **(Doc. 28).**  Plaintiff asserts that he made formal discovery requests that have been ignored, but he has not supplied copies of those requests, as required by Local Rule 26.1(b)(3).

In response, defendants object to providing plaintiff with his masterfile, as the file is protected under 20 Ill.Admin.Code §107.310.  They further contend that plaintiff should already be in possession of all of the other documentation, some of which were attached to the complaint.  **(Doc. 30).**

Because the defendants do not dispute that plaintiff requested his masterfile and the documents discussed in his motion, the Court will not strike plaintiff's motion for failure to comply with Local Rule 26.1(b)(3).

Regardless of whether defendant is of the opinion that plaintiff already should possess

the requested documentation regarding grievances and disciplinary action, the Court's October 9, 2009, Trial Practice and Schedule ordered that those documents be produced to plaintiff.  **(Doc. 25 ¶ 1).**  The Court's order was issued in an attempt to eliminate just this sort of issue and in the interest of judicial economy.  Therefore, the defendants must produce that documentation, which is obviously relevant to this case.

With respect to plaintiff's masterfile, the rules of the Illinois Department of Corrections expressly forbid inmates from having access to their master files. **20 Ill. Admin. Code § 107.310(a).**  Although this Court can override that protection, plaintiff's request appears overly broad and he has not made any particularized showing of need to access his masterfile.  Although the denial of a request for access to his masterfile forms the basis of Count 9, the contents of the file itself do not appear relevant.  Moreover, Count 9 has been dismissed.  Therefore, the defendants will not be compelled to produce plaintiff's masterfile.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 28)** is **GRANTED IN PART AND DENIED IN PART**.   On or before **November 30, 2009**, the defendants shall produce the grievance, the grievance officer's final report and the disciplinary documentation concerning the incident underlying his claim, and the names of staff in the clinic at Lawrence Correctional Center during the period between July and November 2008.

**IT IS SO ORDERED.**

DATED:  November 12, 2009

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**

2