UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ABIODUN SOWEMIMO,

    Plaintiff,

  v.

MACK BADER, *et al.*,

    Defendants.

Case No. 08-cv-664-JPG

## **MEMORANDUM AND ORDER**

**I.    Report and Recommendation**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 57) of Magistrate Judge Clifford J. Proud recommending that the Court grant the defendants' motion for summary judgment (Doc. 38) based on plaintiff Abiodun Sowemimo's failure to exhaust administrative remedies.

In this case, Sowemimo, an inmate at Lawrence Correctional Center ("Lawrence"), claims that various defendants retaliated against him for filing lawsuits. In Count 1, he alleges the retaliation took the form of charging his inmate trust account for amounts not owed, and in Counts 2 through 8, he alleges the retaliation took the form of denying or ignoring grievances. In Count 10, Sowemimo alleges the director of the Illinois Department of Corrections ("IDOC") is liable for his subordinate's conduct. In Count 11, Sowemimo complains the defendants infringed on his right to freely exercise his religion.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews

those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Report sets forth the requirement that prisoners exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a). In Illinois, the remedies include filing a written grievance and pursuing appeals of that grievance to the level of the IDOC director. *See* 20 Ill. Admin. Code §§ 504.800-504.870.

The Report finds that:

- with respect to Count 1, Sowemimo grieved the *propriety* of the charges to his account but not their allegedly *retaliatory nature*, and his grievance failed to identify either by name or by description any of the defendants in Count 1;

- with respect to Counts 2 through 8, there is no evidence leading to a reasonable inference that Sowemimo filed grievances against the defendants for denying or ignoring his grievances in retaliation for his filing lawsuits;

- with respect to Count 10, there is no evidence leading to a reasonable inference that Sowemimo filed a grievance against the IDOC director for failing to intervene in his subordinates' wrongs; and

- with respect to Count 11, the admittedly exhausted grievance was filed against staff at Hill Correctional Center and who are not defendants in this case, and that Sowemimo's other grievances on this matter were not exhausted before he filed this lawsuit.

Accordingly, the Report concludes that Sowemimo did not exhaust his administrative remedies with respect to any of this claims and recommends dismissal without prejudice of all remaining claims in this case.

Sowemimo does not object to the recommended disposition of Counts 10 and 11, recommendations the Court will adopt because they are not clearly erroneous.

Sowemimo objects to the recommended disposition of Counts 1 through 8, stating in his unsworn filing that he "filed numerous grievances on the retaliatory statements and actions of the defendants in Lawrence Correctional Center." Objection at 3. This statement is not sworn,

as required by Federal Rule of Civil Procedure 56(e), so it will not be considered as evidence to withstand a motion for summary judgment. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006); *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985). Furthermore, in response to the defendants' motion, Sowemimo did not present any competent evidence that he filed any written grievance, the first formal step in the grievance process, regarding retaliation by any defendant in this case. Instead, he presented his grievances about the *propriety* of his account charges, not their allegedly *retaliatory nature*. Those grievances do not sufficiently raise a retaliation claim for the purposes of § 1983's exhaustion requirement. In light of the affidavit of Sherry Benton stating that IDOC has no records of any exhausted claim by Sowemimo alleging any defendant in this case retaliated against him for any reason, there is simply no evidence from which a reasonable factfinder could find Sowemimo exhausted or was prevented from exhausting his administrative remedies on Counts 1 through 8. After *de novo* review of the Report's recommendation as to Counts 1 through 8, the Court concludes that the Report was correct in its conclusions for the reasons stated therein.

For these reasons, the Court **ADOPTS** the Report (Doc. 57) in its entirety, **GRANTS** the defendants' motion for summary judgment (Doc. 38) on Counts 1 through 8, 10 and 11, **DISMISSES** those counts **without prejudice** for failure to exhaust administrative remedies and **DIRECTS** the Clerk of Court to enter judgment accordingly.

II.     **Motion for Leave to Amend**

The Court also addresses Sowemimo's motion for leave to file an amended complaint (Doc. 47). Sowemimo wants to identify Count 11 John Does as Chaplain Timothy Love, Correctional Officer Kidwell, Correctional Officer Roush, Lieutenant Barron, Lieutenant McCorkle, Lt. Heran, Lt. Cox, Lt. Lynch, Correctional Officer Hibbetts, Correctional Officer

Stout, Correctional Officer Eubank Brian, Correctional Officer Pittman, Correctional Officer Summers, Correctional Officer Ping, Correctional Officer Reis, Correctional Officer Heifner, Correctional Officer Hortonk, Correctional Officer Perkins, Correctional Officer McCarthy, Correctional Officer Goble, Correctional Counselor F.D. Hervey, Warden Lee Ryker and Assistant Warden Christine Boyd.  It appears that he also wants to add new claims related to the exercise of his religion to those already pled in Count 11.

Because the defendants filed their answers more than a year ago, whether Sowemimo should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2).  Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties written consent, which Sowemimo has not obtained, or leave of court.  Rule 15(a)(2) conveys a liberal approach to amendments, stating, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992).  The rule "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989);  *see Foman v. Davis*, 371 U.S. 178, 181 (1962) (mere technicalities that do not prejudice opponent should not be used to avoid a proper decision on the merits).  Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court.  *Orix Credit Alliance v. Taylor Mach. Works*,125 F.3d 468, 480 (7th Cir. 1997).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182;  *accord Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d

854, 860 (7th Cir. 2001).

The Court declines to give Sowemimo leave to amend his complaint.  Sowemimo alleges that a number of the newly proposed defendants were involved in Count 11, a claim for which Sowemimo has conceded he failed to exhaust his administrative remedies before filing this suit.  Those claims should all proceed at the same time, which they cannot do in this lawsuit.  Furthermore, it appears that Sowemimo named some of the people sought to be added as new defendants in the grievance he filed on July 18, 2008.  He has not explained to the Court why he waited until February 2010 to try to add them to this case.  The delay appears undue.  Finally, this case is effectively over since all claims in Sowemimo's original pleading have been dismissed.  Sowemimo is not trying to save the dismissed claims; he is trying to add new ones against new defendants.  The Court is not inclined to allow this kind of amendment so late in the life of this case.  Sowemimo may bring his new claims against his new defendants if and when he files suit over his exhausted Count 11 claims.

For these reasons, the Court **DENIES** Sowemimo's motion for leave to amend his complaint (Doc. 47).

**IT IS SO ORDERED.**
**DATED:  July 15, 2010**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**